IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-02408-RBJ

VERA, et al.,

       Petitioners,

v.

JUAN BALTAZAR, et al.,
in their official capacities,

       Respondents.

---

## ORDER

---

Before the Court are petitioners Yesika Vera, Moise Niesor, Rafael Pari, Stephanie Chavez-Rondon, Gabriela Ramirez, and Manuel Barrientos' ("petitioners") Amended Petition for a Writ of Habeas Corpus ("Petition"), ECF No. 1.[1] Petitioners seek an order declaring their current immigration detention unlawful and requiring respondents to release them immediately or else provide them with a prompt bond hearing before an Immigration Judge ("IJ"). ECF No. 1 at 27. The matter is fully briefed. ECF Nos. 1, 13, and 14. Respondents oppose the requested relief.

---

[1] Magistrate Judge O'Hara previously granted petitioners' Motion to the extent that it ordered that respondents shall not transfer petitioners outside of the District of Colorado or remove them from the United States during the pendency of this proceeding. *See* ECF No. 5.

1

For the reasons set forth below, the Court agrees that petitioners' mandatory detention is unlawful, and orders that respondents release them forthwith.

## I.    Background

Petitioners are all foreign nationals who entered the country without inspection and were shortly thereafter encountered by U.S. Customs and Border Patrol ("CPB") and arrested pursuant to 8 U.S.C. § 1226. Upon apprehension, petitioners were initially placed in removal proceedings, 8 U.S.C. § 1229(a), and released on their own recognizance pursuant to ICE's Alternatives to Detention ("ATD") program. ECF No. 1 at 7-9. All were then rearrested at their scheduled check-in with ICE for various violations of their ATD program conditions. *Id.* at 8-9. Petitioners are currently detained under § 1225(b).

On June 1, 2026, petitioners filed their habeas petition pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioners bring several claims: first, they argue they are entitled to a bond hearing because § 1226 rather than § 1225 governs their current detentions (Count 1); second, they assert that their prolonged detention violates their substantive due process rights (Count 2); and third, they maintain that this detention violates their procedural due process rights (Count 3). Petitioners ask the Court to declare that respondents are erroneously detaining them under § 1225(b) and order petitioners to be released from custody. ECF No. 1 at 27. Alternatively, petitioners ask the Court to order respondents to hold a bond hearing. *Id.*

2

## II.    Discussion

A district court may grant a writ of habeas corpus to any person who demonstrates that he is "in custody in violation of the Constitution or laws of the United States." 28 U.S.C. § 2241. The individual in custody bears the burden of proving that his detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941). Section 2241 habeas proceedings are available as a forum for statutory and constitutional challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678 (2001).

Where the dispute is fundamentally legal in nature, the court may decline to hold a hearing. 28 U.S.C. § 2243; *see, e.g.*, *Garcia Cortes v. Noem*, 1:25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025). Here, neither party has requested a hearing, and the Court finds that no hearing is necessary.

As a threshold matter, the Court must address whether joinder is appropriate here. The Court finds that it is. Next, the Court must address petitioners' substantive challenges to their detention. The Court agrees that all six petitioners' detentions are controlled by § 1226(a) rather than § 1225(b). The proper relief here is release.

### A. Joinder

Joinder of claims in a single action is governed by Rule 20 of the Federal Rules of Civil Procedure, which provides that parties "may join in one action as plaintiffs if: "A) they assert any right to relief jointly, severally, or in the alternative

3

with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). The permissive joinder rule is to be construed liberally "to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *Cooper v. Fitzgerald,* 266 F.R.D. 86, 88 (E.D. Pa. 2010) (internal quotations and citations omitted).

The threshold issue is whether joinder of these six petitioners' habeas petitions is proper. I find that it is.

First, other courts in this district have found joinder to be proper for similarly situated petitioners in the habeas context. *See Oussemane Ba v. Valdez,* No. 26-cv-00867-PAB, 2026 WL 741615 (D. Colo. Mar. 17, 2026); *Lopez Vasquez, et al. v. Baltazar, et al.,* No. 26-cv-1245-RMR (D. Colo. Apr. 27, 2026)*; Jaimes v. Baltazar,* No. 26-cv-01480-CNS, ECF No. 18 at 8 (D. Colo. April 30, 2026).

Second, the details surrounding petitioners' current detentions are sufficiently similar to satisfy the joinder requirements. Any factual differences among petitioners' circumstances are negligible, and "joinder is warranted here given that respondents have not identified any relevant distinguishing fact or legal issue between the [six] petitioners' claims, and their re-detentions are part of a systematic pattern of conduct by respondents based on the government's novel reinterpretation

of § 1225(b)(2)(A)." *Ba,* 2026 WL 741615 at *6 (citing *Flores v. Noem,* No. 1:26-cv-01658-KES-SKO (HC), 2026 WL 616467, at *1 (E.D. Cal. Mar. 4, 2026)).  All six petitioners were apprehended within the United States after previously being released on their own recognizance and are now detained pursuant to a different statutory authority than their first detention, 8 U.S.C. § 1225(b)(1).  ECF No. 1 at 1. Though Ms. Chavez-Rondon and Mr. Barrientos differ from the other petitioners in that they were both granted parole pursuant to § 1182, the circumstances of their rearrests do not.

Accordingly, this Court allows the petition to proceed as such.

## B. Section 1226(a) vs. Section 1225(b)

The issue in this case is whether, as a noncitizen who has not been admitted or paroled into the United States, petitioners' detention during removal proceedings is governed by 8 U.S.C. § 1225(b)(2)(A) or 8 U.S.C. § 1226(a).  This Court has previously concluded, many times over, that § 1226—and not § 1225, govern detentions for noncitizens who, like petitioners, entered the country without inspection and are not subject to expedited removal.  *See, e.g.*, *Cervantes Arredondo*, 25-cv-03040-RBJ, ECF No. 21; *Velazquez de Leon v. Baltazar*, 25-cv-03805-RBJ, ECF No. 19 (D. Colo. Dec. 22, 2025); *Ugarte Hernandez v. Baltazar*, 25-cv-04066-RBJ, ECF No. 16 (D. Colo. Jan 15, 2026).  Moreover, the Tenth Circuit settled the intra-circuit split regarding the applicable statutory framework governing noncitizen

detentions, like the petitioners' in this case. *Santillan Quiroz v. Mullin,* __ F.4th __, 2026 WL 1876709 (10th Cir. June 30, 2026). The court held that "noncitizens who entered the United States and were thereafter detained in the interior of the country, are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Quiroz,* 2026 WL 1876709 at *12.

Given this uncontradicted line of authority, the government's reliance on § 1225 is legally untenable. All six petitioners resided in the United States before their arrests and current detentions. It follows that § 1226, and not § 1225, governs.

### C. Section 1182(d)(5)(A)

Having addressed petitioners' §§ 1225/1226 challenges, the Court now turns to the question of what statute governs Ms. Chavez Rondon's and Mr. Barrientos' current detentions considering their previous status as humanitarian parolees. This Court has previously expressed its view of § 1182(d)(5)(A) in *Gunes* and held that re-detention of a noncitizen previously granted humanitarian parole is governed by § 1226 and not § 1225. *Gunes v. Mullin*, No. 26-cv-00095-RBJ, ECF No. 15 (D. Colo. Apr. 20, 2026) (vacated as moot due to petitioner's voluntary departure).

After careful review, the Court concludes, for the reasons below, that Ms. Chavez Rondon's and Mr. Barrientos' release on humanitarian parole ended their detention under § 1225(b)(1)(B)(ii), they are no longer eligible for mandatory

detention under that provision, and therefore their current detention is pursuant to § 1226(a).

Before their current detentions, Ms. Chavez Rondon and Mr. Barrientos were both present in the United States pursuant to humanitarian parole, 8 U.S.C. § 1182(d)(5)(A). Section 1182(d)(5)(A) states that upon the termination of parole, "the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." *Id.* No statutory authority expressly states that the noncitizen paroled under § 1182(d)(5)(A) must be returned to the same statutory *detention* regime upon the termination of their parole. In fact, numerous courts, including several in this district, have conducted thorough analyses of the phrase "has not been admitted or paroled" in this context, and concluded that "paroled" refers to a discrete event and not an ongoing state. *See, e.g., Rodriguez-Acurio v. Almodovar,* 811 F. Supp. 3d 274, 298-305 (E.D.N.Y. 2025); *Khubiev v. Baltasar*, No. 25-cv-03955-STV, 2026 WL 864237, at *2–6 (D. Colo. Mar. 30, 2026); *Rafibaev v. Noem*, No. 26-cv-00461-PAB, 2026 WL 607559, at *2–5 (D. Colo. Mar. 4, 2026); *Capote Zamora v. Mullin*, No. 26-cv-00538-PAB, 2026 WL 1025810 (D. Colo. Apr. 16, 2026); *Sevenet v. Valdez,* No. 26-cv-00162-CYC, 2026 WL 1830865 (D. Colo. June 25, 2026); *Abdyrakhmanov v. Baltazar*, No. 26-cv-01875-NYW, 2026 WL 1800941 (D. Colo. June 23, 2026); *Pulido v.*

7

*Baltazar*, No. 26-cv-01818-CNS, 2026 WL 1425034 (D. Colo. May 21, 2026); *Qasemi v. Francis*, No. 25-cv-10029 (LJL), 2025 WL 3654098, at *7–13 (S.D.N.Y. Dec. 17, 2025).[2]

As Judge Brimmer explained in *Rafibaev,* § 1182(d)(5)(a) simply establishes that "a noncitizen whose parole is expired is treated like the vast majority of undocumented immigrants currently living in this country who are not subjected to expedited removal." *Rafibaez*, 2026 WL 607559, at *4 (citing *Rodriguez-Acurio v. Almodovar,* 811 F. Supp. 3d at 302 (E.D.N.Y. 2025)). When a petitioner is released into the United States for a significant amount of time as an humanitarian parolee, "it is illogical to suggest that his re-detention is governed by § 1225(b)(1)." *Rafibaez*, 2026 WL 607559, at *2. "Therefore, any determination as to [petitioners']

---

[2] For further support, *see, e.g. Salgado Bustos v. Raycraft*, No. 25-13202, 2025 WL 3022294, at *5-7 (E.D. Mich. Oct. 29, 2025); *Aviles-Mena*, No. 25-cv-06783-RFL, 2025 WL 2578215, at *3–5 (N.D. Cal. Sept. 5, 2025); *Badlov v. Noem*, No. 1:26-cv-162, 2026 WL 943586, at *4–5 (S.D. Ohio Apr. 8, 2026); *Kumar v. Johnson*, No. CIV-26-352-J, 2026 WL 937560, at *2 (W.D. Ok. Apr. 7, 2026); *Calvette Chirinos v. Mullin*, No. 26-cv-369, 2026 WL 905416, at *2–3 (E.D. Wisc. Mar. 30, 2026); *Rodriguez-Valencia v. Noem*, No. 3:26-cv-297-MMH-PDB, 2026 WL 730318, at *5–6 (M.D. Fla. Mar. 16, 2026); *Bashir K.A. v. Klang*, No. 25-cv-4559 (KMM.DJF), 2026 WL 452353, at *4–7 (D. Minn. Feb. 17, 2026); *Mohd v. Noem*, No. 2:26-cv-680 (NJC), 2026 WL 363525 (E.D.N.Y. Feb. 9, 2026); *Suarez-Lugo v. Bondi*, No. 5:26-CV-00029, 2026 WL 332317 (S.D. Tex. Feb. 6, 2026); *Martinez Gamez v. Easterwood*, No. 4:26CV3009, 2026 WL 295400, at *4 (D. Neb. Feb. 4, 2026); *Vasquez-Rosario v. Noem*, No. 25-cv-7427, 2026 WL 196505 (E.D. Pa. Jan. 26, 2026); *A.F.A.M. v. Albarran*, No. 25-cv-10492-AMO, 2025 WL 375190, at *2 (N.D. Cal. Dec. 22, 2025); *Said v. Noem*, No. 3:25-cv-00938-MOC, 2025 WL 3657217, at *4–6 (W.D.N.C. Dec. 17, 2025); *Singh v. Albarran*, No. 1:25-cv-01821-DAD-SCR (HC), 2025 WL 3640678, at *2 (E.D. Cal. Dec. 16, 2025); *Rodriguez v. Rokosky*, No. 25-17419 (CPO), 2025 WL 3485628, at *2 (D.N.J. Dec. 3, 2025); *E.V. v. Raycraft*, No. 4:25-cv-2069, 2025 WL 2938594, at *3 (N.D. Ohio Oct. 16, 2025); *Espinoza v. Kaiser*, No. 1:25-cv-01101 JLT, SKO, 2025 WL 2675785, at *5 (E.D. Cal. Sept. 18, 2025); *Munoz Materano v. Arteta*, 804 F. Supp. 3d 395, 414 (S.D.N.Y. Sept. 12, 2025).

detention must be conducted under the discretionary framework of Section 1226(a), which governs the process of arresting and detaining noncitizens who have already entered the United States pending their removal." *Qasemi*, 2025 WL 3654098, at *12 (internal quotation marks and citations omitted). Because petitioners' detentions are governed by § 1226(a), they are entitled to that provision's protections, which includes the possibility of release during removal proceedings.

## D. Release is the appropriate remedy

The Court now turns to the appropriate relief. "Federal district courts have broad equitable powers in ordering habeas relief." *Munoz Teran v. Bondi*, No. 25-cv-01218-KWR-SCY, 2026 WL 161527, at *6 (D.N.M. Jan. 21, 2026) (internal citation omitted). And in issuing a writ of habeas corpus, a federal court has the power and authority to dispose of habeas corpus matters "as law and justice require." 28 U.S.C. § 2243.

In some prior decisions, this Court has ordered that a noncitizen should receive a prompt bond hearing before an immigration judge. *See, e.g.*, *Vences Nuñez v. Baltazar*, 25-cv-04046-RBJ, ECF No. 10 (D. Colo. Jan. 16, 2026); *Cervantes Arredondo,* ECF No. 21, at *8 (ordering a bond hearing); *Velazquez de Leon,* ECF No. 19, at *8 (same). However, in this case, the Court concludes that release is the appropriate remedy. *See Tumba v. Francis*, 813 F. Supp. 3d 394, 406 (S.D.N.Y.

9

2025) (noting that the "typical remedy" for "unlawful executive detention" is "of course, release") (quoting *Munaf v. Green*, 533 U.S. 674, 693 (1973)).

Initially, although petitioners raised and the Court ruled on the statutory violations, respondents violated due process by detaining petitioners "without first conducting [] individualized assessment as to [their] dangerousness or flight risk, or any kind of process at all sufficient to qualify as a valid exercise of discretion." *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 496, 496–98 (S.D.N.Y. 2025).  Thus, ordering a bond hearing "does nothing to mitigate the harm to [petitioners] in the time [they are] in detention awaiting review."  *Id.* at 497; *see Singh v. Valdez,* No. 26-cv-1109-WJM, 2026 WL 890240, at *5 (D. Colo. Apr. 1, 2026).

Accordingly, for the reasons above, petitioners' present mandatory detentions under § 1225(b)(1)(B)(ii) are unlawful and they must all be released forthwith.

## **ORDER**

Therefore, it is hereby ORDERED that:

1. The Petition, ECF No. 1, is GRANTED.  Respondents SHALL release petitioners on their own recognizance within 48 hours of this Order.

2. Respondents MAY NOT impose additional release conditions other than those that petitioners were subject to prior to their current detentions.

3. The parties WILL, within five (5) days of this Order, file a joint status report informing the Court of the status of petitioners' releases.

It is SO ORDERED.[3]

Dated: July 13, 2026          BY THE COURT:

R. Brooke Jackson
Senior United States District Court Judge

---

[3] To the extent petitioners seek attorneys' fees, they are directed to file a separate motion complying with the Federal Rules of Civil Procedure and the Local Rules.

11